# EXHIBIT 4

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Maria F Soto Leigue</u>
Plaintiff                                                           Case # _____

                                                                        Judge   _____

vs.

<u>Everglades College Inc d/b/a Keiser University</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☒ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
 ☐ Residential Evictions
 ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

 **IV.**   **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

 **V.**   **NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

 1

 **VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☒ yes
  ☐ no

 **VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

 **VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

 **IX.**   **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Manuel S Hiraldo</u>      Fla. Bar # <u>30380</u>
   Attorney or party          (Bar # if attorney)

<u>Manuel S Hiraldo  </u>       <u>05/13/2022</u>
 (type or print name)        Date

- 3 -

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO.**

MARIA FERNANDA SOTO LEIGUE,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

EVERGLADES COLLEGE, INC. d/b/a
KEISER UNIVERSITY,

      Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Maria Fernanda Soto Leigue brings this class action against Defendant Everglades College, Inc. d/b/a Keiser University, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.      Defendant is a private university that provides educational services.

3.      Defendant charges consumers a tuition for its educational services.

4.      To promote its services, Defendant engages in unsolicited text messaging.

1

5.      Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

6.      Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

7.      Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number ***-***-1578 (the "1578 Number") that received Defendant's telephonic sales text messages. Plaintiff is a resident of Miami-Dade County, Florida.

8.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).  Defendant maintains its primary place of business and headquarters in Fort Lauderdale, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida and the United States.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

10.     Defendant is subject to general personal jurisdiction in Florida because it is a Florida corporation, and its principal place of business is in Florida.

11.     Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## **FACTS**

12.     Beginning on or about August 6, 2021, Defendant sent numerous unsolicited telephonic sales calls to Plaintiff's cellular telephone number, including the following:



13.     Defendant's messages did not include instructions on how to opt-out of future messages.

14.     On September 23, 2021, Plaintiff responded with the words "Please remove me from your contact list," in an attempt to opt-out of any further text message communications with Defendant:

3



15.     Despite Plaintiff's use of clear opt-out language, Defendant ignored Plaintiff's opt-out demand and continued to send Plaintiff another promotional text message on October 12, 2021.

16.     As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales messages was to solicit the sale of consumer goods and/or services.

17.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff educational services in the form of university courses.

18.     Defendant's text messages contained language such as "…Keiser University Classes starting 10/25/21 You still have time to enroll & process…"

19.     Defendant's texts were not made for an emergency purpose or to collect on a debt.

20.     Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

21.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

22.     Given Defendant's use of generic text messages to solicit consumers, and given the volume of messages sent by Defendant to Plaintiff, Plaintiff is informed and believes that Defendant caused at least 100 similar sales calls.

23.     The impersonal and generic nature of Defendant's text messages, coupled with their frequency, demonstrates that Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

24.     To send the text message, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

25.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

26.     The Platform has the capacity to select and dial numbers automatically from a list of numbers.

27.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

28.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

29.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

30.     Defendant would be able to conduct its business operations without sending automated text messages to consumers.

31.     Defendant would be able to send automated text messages to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending text messages.

32.     Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

33.     Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of transmitting text messages.

34.     The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

35.     Compliance with the FTSA will not result in Defendant having to cease its business operations.

36.     Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

37.     Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

38.     Because a substantial part of Defendant's FTSA violations occurred in Florida, requiring Defendant's compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

39.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

40.     More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of a telephonic sales call by text message using an automated system for the selection or dialing of telephone numbers.

41.     The form utilized by Defendant to acquire Plaintiff's and the Class members telephone numbers is depicted below:



7

42.     As demonstrated by the above, Defendant's form fails to comply with the FTSA's "express written consent" requirements in the following ways:

(a) The disclosure language is not clear and conspicuous, but is instead concealed in small font below a large yellow "REQUEST INFO" call to action button;

(b) The disclosure language fails to state that the consumer is agreeing to receive telephonic sales calls;

(c) The disclosure language fails to advise consumers that they are not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

43.     Since Plaintiff's prior lawsuit, Defendant has conceded that its prior form was deficient by attempting to remedy some of the deficiencies in the disclosure language:



8

44.     As reflected by the above, Defendant's new disclosure language makes reference to "marketing" and that consumers are "not required to provide my phone number as a condition of purchasing any property, goods, or service."

45.     Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

46.     Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action. The Classes that Plaintiff seeks to represent are defined as:

> **FTSA Class**: **All persons within the United States who, (1) were sent a telephonic sales call regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

47.     Defendant and its employees or agents are excluded from the Classes.

### NUMEROSITY

48.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to at least 10 consumers. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

49.     The exact number and identities of the Classes members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

50.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

(a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

(c) Whether Defendant sent solicitations to individuals who had requested not to receive calls; and

(d) Whether Defendant is liable for damages, and the amount of such damages.

51.     The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

52.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

53.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

54.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of Fla. Stat. § 501.059**
**(On Behalf of Plaintiff and the FTSA Class)**

56.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

11

57.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party."  Fla. Stat. § 501.059(8)(a).

58.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes."  Fla. Stat. § 501.059(1)(i).

59.     "Prior express written consent" means an agreement in writing that:

1.  Bears the signature of the called party;

2.  Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.  Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.  Includes a clear and conspicuous disclosure informing the called party that:

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

60.    Defendant failed to secure prior express written consent from Plaintiff and the FTSA Class members.

61.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the FTSA Class members without Plaintiff's and the FTSA Class members' prior express written consent.

62.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the FTSA Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

63.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and FTSA Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

64.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT II**
**Violation of Fla. Stat. § 501.059**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

65.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

66.    It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound call, text message, or voicemail transmission:

(a) Made by or on behalf of the seller whose goods or services are being offered; or

13

(b) Made on behalf of a charitable organization for which a charitable contribution is being solicited.

Fla. Stat. § 501.059(5) (a), (b).

67.     Plaintiff and the Class Members made requests to Defendant not to receive messages from Defendant.

68.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

69.     In violation of the FTSA, Defendant made and/or knowingly allowed outbound text messages offering their services to be sent to Plaintiff and the Class members, after they had previously communicated to Defendant that he or she did not wish to receive any more calls, text messages, or voicemails from Defendant.

70.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls.

71.     Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

**COUNT III**
**<u>Injunctive Relief Pursuant to Fla. Stat. § 501.059(10)(a)</u>**
**(On Behalf of Plaintiff and the FTSA Class)**

72.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

73.     Pursuant to section 501.059(10)(a), Plaintiff seeks injunctive relief prohibiting Defendant's unlawful conduct in the future to protect Plaintiff and the FTSA Class members from Defendant's unsolicited calls and practices.

74.     Defendant's ongoing and continuing violations have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and the FTSA Class members.

75.     Plaintiff and the FTSA Class members suffer irreparable harm if Defendant is permitted to continue its practice of violating the FTSA.

76.     The injuries that the Plaintiff and the FTSA Class members will suffer if Defendant is not prohibited from continuing to engage in the unlawful practices described herein far outweigh the harm that Defendant will suffer if it is enjoined from continuing this conduct.

77.     The public interest will be served by an injunction prohibiting Defendant from continuing to engage in the unlawful practices described herein.

78.     Accordingly, Plaintiff and the FTSA Class members seek an injunction requiring Defendant to implement policies and procedures to secure express written consent before engaging in any text message solicitations, and to follow such consent requirements.

79.     Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

    a)  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b)  An award of statutory damages for Plaintiff and each member of the Classes as applicable under the FTSA;

c)  An order declaring that Defendant's actions, as set out above, violate the FTSA;

d)  An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

DATED: May 13, 2022

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**SHAMIS & GENTILE P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW P.A.**

/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Class.*

17

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-008872-CA-01**

MARIA FERNANDA SOTO LEIGUE, individually              CLASS ACTION
and on behalf of all others similarly situated,

    *Plaintiff*,                                                                      JURY TRIAL DEMANDED

vs.

EVERGLADES COLLEGE INC. D/B/A KEISER
UNIVERSITY,

    *Defendant*.

_____/

<u>**SUMMONS**</u>

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

        EVERGLADES COLLEGE INC. D/B/A KEISER UNIVERSITY
        Attn: James Waldman- Registered Agent
        1900 W Commercial Blvd, Suite 180 Ft. Lauderdale, FL 33309

      Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____.

                      As Clerk of the Court

                      By: _____

As Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-008872-CA-01**

MARIA FERNANDA SOTO LEIGUE, individually                   CLASS ACTION
and on behalf of all others similarly situated,

    *Plaintiff*,                                                                   JURY TRIAL DEMANDED

vs.

EVERGLADES COLLEGE INC. D/B/A KEISER
UNIVERSITY,

    *Defendant*.

_____/

<u>**SUMMONS**</u>

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

          EVERGLADES COLLEGE INC. D/B/A KEISER UNIVERSITY
          Attn: James Waldman- Registered Agent
          1900 W Commercial Blvd, Suite 180 Ft. Lauderdale, FL 33309

     Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

        6/13/2022

Dated this _____ day of _____.

                 As Clerk of the Court

                 By: _____ 36565



As Deputy Clerk

## RETURN OF SERVICE

State of Florida

County of Miami-Dade

Circuit Court

Case Number: 2022-008872-CA-01

Plaintiff:
MARIA FERNANDA SOTO LEIGUE, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED

vs.

Defendant:
EVERGLADES COLLEGE INC. D/B/A KEISER UNIVERSITY

For:
Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1ST Avenue, Suite 400
Miami, FL 33132

Received by Global Process Services Corp on the 14th day of June, 2022 at 11:04 am to be served on EVERGLADES
COLLEGE INC. D/B/A KEISER UNIVERSITY ATTN: JAMES WALDMAN- REGISTERED AGENT, 1900 W COMMERCIAL
BLVD., SUITE 180, FT LAUDERDALE, FL 33309.

I, Marlon McKie, do hereby affirm that on the 23rd day of June, 2022 at 11:00 am, I:

served a CORPORATION by delivering a true copy of the Summons and Class Action Complaint with the date and hour
of service endorsed thereon by me, to: JAMES WALDMAN as REGISTERED AGENT for EVERGLADES COLLEGE INC.
D/B/A KEISER UNIVERSITY ATTN: JAMES WALDMAN- REGISTERED AGENT, at the address of: 1900 W
COMMERCIAL BLVD., SUITE 180, FT LAUDERDALE, FL 33309, and informed said person of the contents therein, in
compliance with state statutes.

Description of Person Served: Age: 65, Sex: M, Race/Skin Color: White, Height: 6'1", Weight: 210, Hair: Gray, Glasses: N

I certify that I am over the age of eighteen, and that I have no interest in the above action. Per F.S.92.525(2) Under
penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated in it are true.

Marlon McKie
SPS #1369

Global Process Services Corp
P.O. Box 961556
Miami, FL 33296
(786) 287-0606

Our Job Serial Number: GER-2022001249
Ref: S&G

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c



**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-008872-CA-01**

MARIA FERNANDA SOTO LEIGUE, individually          CLASS ACTION
and on behalf of all others similarly situated,

    *Plaintiff*,                                                                JURY TRIAL DEMANDED

vs.

EVERGLADES COLLEGE INC. D/B/A KEISER
UNIVERSITY,

    *Defendant*.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

        EVERGLADES COLLEGE INC. D/B/A KEISER UNIVERSITY
        Attn: James Waldman- Registered Agent
        1900 W Commercial Blvd, Suite 180 Ft. Lauderdale, FL 33309

    Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

        6/13/2022

Dated this _____ day of _____.

                       As Clerk of the Court

                       By: _____ 36565



As Deputy Clerk

Filing # 152901311 E-Filed 07/07/2022 05:03:33 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NO. 2022-008872-CA-01

MARIA FERNANDA SOTO LEIGUE,       CLASS ACTION
individually and on behalf of all others
similarly situated,

      Plaintiff,                        JURY TRIAL DEMANDED

vs.

EVERGLADES COLLEGE, INC. D/B/A
KEISER UNIVERSITY,

      Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
### TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Everglades College, Inc. d/b/a Keiser University ("Defendant"), by and through

its undersigned counsel, files this Unopposed Motion for Enlargement of Time to Respond to

Plaintiff Maria Fernanda Soto Leigue's ("Plaintiff") Class Action Complaint (the "Complaint"),

and in support states:

      1.       On May 13, 2022, Plaintiff filed the Complaint in this action.

      2.       Plaintiff served Defendant with the Complaint on June 23, 2022.

      3.       Defendant's response to the Complaint is currently due on July 13, 2022.

      4.       Pursuant to Rule 1.090(b)(1)(A), this Court may, for cause shown and at any time

in its discretion, enlarge the time in which to respond if the request is made before the expiration

of the original time period. Fla. R. Civ. P. 1.090(b)(1)(A); *see also Litwinski v. Weitzer Country*

*Homes, Inc.*, 711 So. 2d 1390, 1391 (Fla. 3d DCA 1998) ("When a litigant seeks an extension of

time before the period expires, Florida Rule of Civil Procedure Rule 1.090(b)(1) requires only

'cause shown.'"). Thus, when a litigant asserts reasonable grounds before the expiration of the time period, "the trial judge has broad discretion to extend the time limitation." *Litwinski*, 711 So. 2d at 1391.

5.      In light of the timing and procedural issues presented by this new filing, Defendant needs additional time to prepare its response.

6.      Defendant requests and enlargement of time of thirty (30) days—through and including August 12, 2022—to respond to the Complaint.

7.      This is Defendant's first request for an enlargement of time. The requested enlargement of time will not prejudice any party because the case is still in its early stages, and Defendant does not request this enlargement of time for the purpose of delay.

8.      Defendant's counsel conferred with Plaintiff's counsel, Andrew J. Shamis, Esq., and Plaintiff's counsel represented that Plaintiff does not object to the enlargement of time requested in this Motion.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order enlarging Defendant's time to respond to the Complaint through and including August 12, 2022, and granting any other relief this Court deems just and proper.

Dated: July 7, 2022                      Respectfully submitted,

**BLANK ROME LLP**
500 East Broward Boulevard, Suite 2100
Fort Lauderdale, Florida 33394
Telephone: (954) 512-1809
Facsimile: (813) 433-5564
E-mail Service: BRFLeservice@BlankRome.com

*/s/ Maria K. Vigilante*
Maria K. Vigilante
Florida Bar No. 98822
Maria.Vigilante@BlankRome.com
*Counsel for Defendant*

129089630

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 7, 2022, with the Clerk of the Circuit Court using the Florida Courts E-Filing Portal and served by an automatic e-mail generated by the Florida Courts E-Filing Portal to: Andrew J. Shamis, Esq., Shamis & Gentile, P.A., 14 NE 1st Avenue, Suite 705, Miami, Florida 33132, ashamis@shamisgentile.com; Garrett O. Berg., Esq., Shamis & Gentile, P.A., 14 NE 1st Avenue, Suite 705, Miami, Florida 33132, gberg@shamisgentile.com; Scott Edelsberg, Esq., Edelsberg Law, P.A., 20900 NE 30th Avenue, Suite 417, Aventura, Florida 33180, scott@edelsberglaw.com; and Manuel S. Hiraldo, Esq., Hiraldo P.A., 401 East Last Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301, MHiraldo@Hiraldolaw.com.

*/s/ Maria K. Vigilante*
Maria K. Vigilante

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-008872-CA-01
SECTION: CA13
JUDGE: Gina Beovides

**MARIA FERNANDA SOTO LEIGUE**

Plaintiff(s)

vs.

**EVERGLADES COLLEGE INC**

Defendant(s)

_____/

## AGREED ORDER GRANTING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT

THIS CAUSE, having come before the Court upon Defendant Everglades College, Inc. d/b/a Keiser University's ("Defendant") Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Class Action Complaint (the "Motion"), and the Court having reviewed the Motion and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion is **GRANTED**. Defendant is granted an enlargement of time through and including August 12, 2022, to file a response to Plaintiff's Class Action Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 8th day of July, 2022.

2022-008872-CA-01 07-08-2022 10:52 AM
Hon. Gina Beovides

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Andrew Shamis, ashamis@shamisgentile.com
Andrew Shamis, aelsayed@shamisgentile.com
Andrew Shamis, gberg@shamisgentile.com
Angelica Gentile Gentile, efilings@shamisgentile.com
Christopher Chagas Gold, chris@edelsberglaw.com
Garrett O. Berg, gberg@shamisgentile.com
Manuel S Hiraldo, mhiraldo@hiraldolaw.com
Maria Vigilante, Maria.Vigilante@BlankRome.com
Maria Vigilante, BRFLeservice@BlankRome.com
Maria Vigilante, MBuitrago@BlankRome.com
Scott Edelsberg, scott@edelsberglaw.com
Scott Edelsberg, aaron@edelsberglaw.com

**Physically Served:**