UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22307-BLOOM/Otazo-Reyes**

MARIA FERNANDA SOTO LEIGUE,
*individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

EVERGLADES COLLEGE, INC.,
*doing business as* Keiser University,

    Defendant.
_____/

# ORDER ON EXPEDITED MOTION FOR PROTECTIVE ORDER AND TO STAY PENDING OUTCOME OF MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Expedited Motion for Protective Order and to Stay Pending Outcome of Motion to Dismiss, ECF No. [19] (the "Motion to Stay"). The Court has carefully reviewed the Motion to Stay, Plaintiff's Response, ECF No. [21], the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Stay is denied.

Plaintiff asserts claims on behalf of herself and two proposed classes against Defendant for violations of the Florida Telephone Solicitation Act ("FTSA"). *See* ECF No. [13] ("First Amended Complaint"). On August 29, 2022, Defendant filed its Motion to Dismiss, ECF No. [18], arguing that the First Amended Complaint fails to state a claim because Defendant's communications are not covered by the FTSA. In the Motion to Stay, Defendant contends that the Court should issue a protective order with respect to a subpoena issued by Plaintiff to third party Gragg Advertising,

LLC ("Gragg"), and stay discovery in this case until the Court has ruled upon the Motion to Dismiss. Plaintiff opposes the requests.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

Case No. 22-cv-22307-BLOOM/Otazo-Reyes

As an initial matter, the Court does not find that Defendant has demonstrated that discovery would be unduly burdensome, much less has Defendant made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery. *See Montoya*, 2014 WL 2807617 at *2 (conclusory statements regarding burdensome discovery could not support stay); *Ray*, 2012 WL 5471793, at *3 (rejecting stay where defendant "ha[d] not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay").

Moreover, Defendant's reliance on *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1368 (11th Cir. 1997), is misplaced. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone*, 2008 WL 2906719, at *1 ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). Nor does the Court agree that the circumstances in this case are sufficiently extraordinary or similar to the facts in *Chudasama* such that a stay of discovery is warranted. *See Ray*, 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013).

3

In addition, the Court has taken a "preliminary peek" at the Motion to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012). In deciding whether to grant a stay, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011). Upon review, under the particular circumstances presented here, the Court does not agree that a stay of discovery is warranted. This is especially true since Defendant filed the Motion to stay on an expedited basis three days after filing its Motion to Dismiss and Plaintiff has not yet had the opportunity to respond to the Motion to Dismiss.

Finally, to the extent that Defendant requests a protective order with respect to the subpoena issued to Gragg, Defendant fails to demonstrate that it has standing to request such relief. "Generally, an individual does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena." *Barrington v. Mortgage It, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *1 (S.D. Fla. Dec. 10, 2007). "[A] party lacks standing to challenge subpoenas served on another 'on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (quoting *Auto-Owners Ins. Co. v. SE Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). In this case, Defendant has not asserted a personal right or privilege with respect to the information sought through the subpoena, and Gragg has not raised any objections to the subpoena.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Stay, **ECF No. [19]**, is **DENIED**.

Case No. 22-cv-22307-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record