UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22307-BLOOM/Otazo-Reyes**

MARIA FERNANDA SOTO LEIGUE,
*individually and on behalf of all others
similarly situated*,

    Plaintiff,

v.

EVERGLADES COLLEGE, INC.,
*doing business as* Keiser University,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, STRIKE PORTIONS THEREOF**

**THIS CAUSE** is before the Court upon Defendant Everglades College, Inc. d/b/a Keiser University's ("Defendant" or "Keiser") Motion to Dismiss Plaintiff's First Amended Class Action Complaint or, in the Alternative, Strike Portions Thereof, ECF No. [18] ("Motion"). Plaintiff Maria Fernanda Soto Leigue ("Plaintiff" or "Soto Leigue") filed a Response, ECF No. [25], to which Keiser filed a Reply, ECF No. [26]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

    **I.**    **BACKGROUND**

Plaintiff commenced this case by filing a complaint in state court asserting claims against Keiser for violations of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. *See* ECF No. [1-5] at 5-21 ("Complaint"). Keiser removed the case from state court to this Court on

July 22, 2022. ECF No. [1]. In response to Keiser's request to dismiss the Complaint, Plaintiff filed the First Amended Complaint. ECF No. [13] ("FAC").[1]

In the FAC, Plaintiff alleges that she submitted an inquiry to Keiser through a form on its website on January 2, 2020. ECF No. [13] ¶ 23. According to Plaintiff, she did not consent to receive automated text message solicitations on her cellular phone, but nevertheless, consistent with Keiser's aggressive telemarketing practices, Keiser called her eleven (11) times between January 2, 2020 and January 13, 2020. *Id*. ¶ 25. In addition, Keiser sent solicitation emails to Plaintiff multiple times from January 2, 2020 until August 6, 2021, and sent text messages to Plaintiff's cell phone multiple times from February 11, 2020 until September 23, 2021. *Id*. ¶¶ 25-26. The FAC alleges that Keiser's messages did not include opt-out instructions. *Id*. ¶ 28. On September 23, 2021, Plaintiff responded in an attempt to opt out of further text messages with Keiser. *Id*. ¶ 29. Despite Plaintiff's attempt, she alleges that Keiser continued to send her additional promotional text messages. *Id*. ¶ 30. Plaintiff alleges that the purpose of Keiser's telephonic sales messages was to solicit the sale of consumer services—which she identifies as educational services in the form of university courses. *Id*. ¶¶ 31-32.

As a result, Plaintiff asserts three claims against Defendant for violations of the FTSA, seeking damages and injunctive relief individually, and on behalf of a putative class. In the Motion, Defendant requests dismissal of the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to strike certain allegations in the FAC pursuant to Rule 12(f).

---

[1] Although Keiser devotes several pages of the Motion to previous complaints filed by Plaintiff in another case, those pleadings are not before the Court, and are therefore not relevant to the Court's analysis here. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotations omitted)).

## II.   LEGAL STANDARD

### A. Failure to State a Claim

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the

unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

### B. Motions to Strike

Generally, Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (citation and internal quotation marks omitted); *see also Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Irrespective of the court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

## III. DISCUSSION

### A. Motion to Dismiss

Defendant argues that Plaintiff's claims should be dismissed because college degrees and college courses are not "consumer goods or services" as defined in the FTSA. Specifically, Defendant argues that an offer to enroll in college courses or to obtain an education is not personal property that can be owned or conveyed. In response, Plaintiff argues that educational services are

4

consumer services, and under the FTSA, the purpose, and not just the content, of a communication controls.

### i. The FTSA

The FTSA states that

> [a] person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone number or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.

Fla. Stat. § 501.059(8)(a). The statute defines a telephonic sales call, in pertinent part, as "a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services[.]" Fla. Stat. § 501.059(1)(j). "Consumer goods and services" are defined in relevant part as "real property or tangible or intangible personal property that is normally used for personal, family, or household purposes[.]" Fla. Stat. § 501.059(1)(c). Keiser argues that because personal property is an asset that can be owned, and therefore conveyed, the educational services in the form of university courses alleged by Plaintiff are not consumer goods or services, and do not fall within the ambit of the FTSA, because such services cannot be transferred to another. Defendant urges the Court to draw from the context of family law and the equitable distribution of assets, according to which an education is not considered to be property. *See Hughes v. Hughes*, 438 So. 2d 146, 150 (Fla. 3d DCA 1983) ("[A]n educational degree is not property subject to distribution as lump sum alimony because its value, which must be measured by future earning capacity, is too speculative to calculate."). Plaintiff in turn, urges the Court to rely on case law pertaining to the Fair Debt Collection Practices Act ("FDCPA"), in which courts have concluded that debt incurred as a result of educational services is related to personal, family, or household purposes. *See Urquiaga v. Fin. Bus. & Consumer Sols., Inc.*, No. 16-cv-62110-BLOOM/Valle, 2016 WL 6877735, at *3 (S.D. Fla. Nov. 22, 2016) (finding "consumer debt"

element sufficiently pleaded where complaint alleged attempt to collect on debt related to a student loan). Upon review, however, the Court finds that neither context is sufficiently analogous to be particularly helpful in this case.

The FTSA does not specifically define "personal property." When words are "conspicuously absent" from a definition of a statutory term, courts are not permitted "to add words to or rewrite a statute." *Smith ex rel. MS v. Crisp Reg'l Hosp., Inc.*, 985 F.3d 1306, 1309 (11th Cir. 2021). Here, Defendant's reliance on family law does not offer support in the context of consumer protection. Similarly, while the FDCPA is a consumer protection statute, it specifically applies to debt collection, and Plaintiff appears to conflate the issue of whether educational services can be considered to be personal property under the FTSA and the purpose for which the personal property is used. In any event, Defendant does not provide persuasive authority for the proposition that the FTSA does not apply to educational services as alleged by Plaintiff. As such, the Court will not read that limitation into the statute.

Indeed, the authority Defendant relies upon for the proposition that the Florida legislature intended to treat communication related to education differently—Florida's telemarketing laws—does not support the conclusion Defendant urges here. The Florida Telemarketing Act ("Telemarketing Act"), Fla. Stat. §§ 501.601 *et seq.*, contains a provision that specifically exempts soliciting for educational purposes. *See* Fla. Stat. § 501.604(2) ("The provisions of this part . . . do not apply to: [a] person soliciting for religious, charitable, political, or educational purposes."). Notably, the Telemarketing Act's definition of "consumer goods or services" is the same as the definition contained in the FTSA, *see* Fla. Stat. § 501.603(3), yet unlike the Telemarketing Act, the FTSA does not contain a specific exemption for communications related to educational purposes. Had the Florida Legislature intended to exclude communications related to educational

6

services or university courses from the ambit of the FTSA, it certainly could have done so explicitly.

Moreover, the FTSA, like its federal counterpart the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, is a consumer protection statute, and because it "is remedial in nature, it should be construed liberally in favor of consumers." *Legg v. Voice Media Grp., Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014).

As such, the communications alleged by Plaintiff are sufficient to state a claim under the FTSA.

### ii. The Text Messages are Actionable

Defendant argues next that even if the text messages fall within the purview of the FTSA, they are nevertheless not actionable because they were sent in response to Plaintiff's inquiry, and such communications should be exempted from the definition of a sales call. Defendant also contends that the FAC itself disproves the allegation that Defendant engaged in unsolicited text messaging because the form Plaintiff completed contained clear consent language. The Court disagrees with respect to both arguments.

In support of its first argument, Defendant relies upon *Edelsberg v. Vroom, Inc.*, No. 16-62734, 2018 WL 1509135, at *4-5 (S.D. Fla. Mar. 2018), in which the court determined that a communication did not constitute telemarketing under the TCPA. However, *Edelsberg* is distinguishable in several important ways. First, *Edelsberg* involved a single text message, whereas Plaintiff here alleges at least eleven (11) calls and approximately twenty-two (22) text messages. ECF No. [13] ¶¶ 25-26, 30. Second, the defendant in *Edelsberg* contacted the plaintiff in response to an online advertisement in which plaintiff was offering to sell a vehicle and which included his cell phone number and did not state that he did not want to be contacted by dealers. Here, in

contrast, Plaintiff alleges that she submitted an inquiry for information via a form on Defendant's website, that she did not consent to receive automated text message solicitations, and thereafter Defendant contacted her numerous times despite her request not to be contacted. *Id*. at ¶¶ 23-24, 29-30. Third, and most importantly, the court in *Edelsberg* reached its conclusion at the summary judgment stage upon a fully developed record. In this case, Defendant is challenging the sufficiency of the allegations, and therefore, the issues of whether Plaintiff consented or whether the communications sent by Defendant were in response to Plaintiff's inquiry are issues of fact that the Court does not consider at this juncture. *See e.g., Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1237 (S.D. Fla. 2015) (the truth or existence of a fact as alleged is an issue not properly resolved at the motion to dismiss stage).

Defendant's second argument on this point fails for the same reason. Even if it were proper for the Court to determine the extent and validity of the consent language in the form on Defendant's website, as alleged by Plaintiff, the consent language does not include consent to receive telephonic sales calls. The FAC alleges the following consent language:

> By clicking the "Request Info" button, I consent to calls, emails and texts from Keiser University at the phone number that I have provided and some of these calls may occur from automated technology.

ECF No. [13] ¶ 56. Accordingly, the Court does not find, as Defendant argues, that this language disproves the allegation that Defendant engaged in unsolicited text messaging.

### B. Motion to Strike

In the alternative, Defendant requests that the Court strike paragraphs 12 through 22 of the FAC, and Exhibit A, as immaterial and scandalous allegations regarding Keiser's status as a non-profit entity. Defendant argues that the allegations and Exhibit serve only to malign Keiser, cause confusion, expand the scope of discovery, and cause Defendant reputational harm. Plaintiff

responds that the allegations generally support that Defendant drives profit by selling its services, and Defendant sent promotional text messages as a telemarketing strategy.

A motion to strike "is not intended to procure the dismissal of all or part of a complaint." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citing *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013)). Further, "[i]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Id*.

Upon review, Defendant has not demonstrated that the challenged allegations and Exhibit A have no possible relation to the controversy and that they may cause prejudice, such that the drastic remedy of striking is warranted.

## IV.    CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [18]**, is **DENIED**. Defendant shall file its answer to the FAC **no later than October 28, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 20, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record