UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA FERNANDA SOTO LEIGUE, individually
and on behalf of all others similarly situated,

*Plaintiff*,

vs.

EVERGLADES COLLEGE INC. d/b/a KEISER
UNIVERSITY,

*Defendant*.
_____/

CLASS ACTION

Case No. 1:22-cv-22307-BB

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION TO SEVER AND REMAND

Plaintiff Maria Fernanda Soto Leigue moves to sever and remand to state court Count I of her First Amended Complaint, [DE 13], and in support states as follows:

1. Plaintiff originally filed this putative class action in the Eleventh Circuit in and for Miami-Dade County asserting violations of the FTSA. On July 22, 2022, Defendant removed the case.

2. Count I of Plaintiff's operative First Amended Complaint alleges that Defendant violated section 501.059(8)(a) of the FTSA by sending text messages to Plaintiff and the FTSA class members without the requisite express written consent.

3. Count II of Plaintiff's operative First Amended Complaint alleges that Defendant violated section 501.059(5) of the FTSA by sending text messages to Plaintiff and the Internal Do Not Call class members after requests for Defendant to stop sending its solicitations.

4. Recently, several courts in this District and the Middle District of Florida have held that there is no Article III standing for claims involving text message violations under section 501.059(8)(a) of the FTSA (i.e., Count I of Plaintiff's First Amended Complaint). *See George v. Ebay Inc.*, No.

1

8:22-cv-2751-WFJ-AEP, 2023 U.S. Dist. LEXIS 17834 (M.D. Fla. Feb. 2, 2023); *Fontanez v. Wolverine World Wide, Inc.*, No. 8:22-cv-2538-KKM-TGW, 2022 U.S. Dist. LEXIS 232164 (M.D. Fla. Dec. 27, 2022); *Muccio v. Glob. Motivation, Inc.*, No. 22-81004-CIV-CAN, 2022 U.S. Dist. LEXIS 231882 (S.D. Fla. Dec. 22, 2022); *Iuliano v. UnitedHealth Grp., Inc.*, No. 8:22-cv-2299-SDM-JSS, 2022 U.S. Dist. LEXIS 234335 (M.D. Fla. Dec. 9, 2022); *Frater v. Lend Smart Mortg., LLC*, Civil Action No. 22-22168-Civ, 2022 U.S. Dist. LEXIS 175183 (S.D. Fla. Sep. 27, 2022).

5. Conversely, recent decisions – including from the Eleventh Circuit and this Court – support finding Article III standing for Count II of Plaintiff's First Amended Complaint. *See Grieben v. Fashion Nova, Inc.*, No. 22-cv-60908, 2022 U.S. Dist. LEXIS 178319 (S.D. Fla. Sep. 27, 2022) ("the named plaintiff in *Cordoba* repeatedly asked not to be called….As a result, the Eleventh Circuit concluded that the named plaintiff had standing.") (citing *Cordoba v. DirecTV, LLC*, 942 F.3d 1259, 1271-72 (11th Cir. 2019)); ("'Unwanted' in the context of the statute at issue in our case and in *Glasser* refers to the fact that individuals, though never asking not to be called, were called by allegedly prohibited means under the TCPA—automatic telephone dialing systems….In *Cordoba*, people asked not to be called—period."); *Drazen v. Pinto*, 41 F.4th 1354, n.14 (11th Cir. 2022); *Farhat v. Unique Healthcare Sys.*, No. 8:21-cv-1319-SDM-JSS, 2022 U.S. Dist. LEXIS 4800 (M.D. Fla. Jan. 11, 2022) ("Although a single text message cannot confer standing, four text messages sent in contravention of an instruction to 'STOP' plausibly confer standing and certainly warrant an opportunity to develop the record.") (citing *Teblum v. Physician Compassionate Care LLC*, 2020 U.S. Dist. LEXIS 52386, 2020 WL 10502588 (M.D. Fla. 2020)).

6. If this Court agrees that Article III standing is lacking with respect to Count I of Plaintiff's First Amended Complaint, it should, respectfully, sever Count I from the First Amended Complaint and remand it to state court. *See Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355,

1366 (S.D. Fla. 2017) ("But for cases removed here, the claims over which the Court lacks jurisdiction must be severed from the claim over which the Court does have jurisdiction, with the severed claims being remanded to the state-court forum.") (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded); 28 U.S.C. § 1441(c)(2) (requiring severance and remand of claims removed to federal court over which the court lacks jurisdiction)); *Colon v. Dynacast, LLC*, No. 20-cv-3317, 2021 U.S. Dist. LEXIS 25484, at *12 (N.D. Ill. Feb. 10, 2021) ("Therefore, the Court severs and remands Plaintiff's section 15(a) claim for lack of subject matter jurisdiction and retains jurisdiction over the remaining claims.") (citing 28 U.S.C. § 1441(c)); *Marquez v. Google LLC*, No. 20 C 4454, 2020 U.S. Dist. LEXIS 199098 (N.D. Ill. Oct. 27, 2020) ("When a case is filed in state court and removed to federal court, and when the federal court finds it lacks subject matter jurisdiction, the appropriate disposition is a remand to state court under 28 U.S.C. § 1447(c).… Where, as here, the court lacks jurisdiction only over a portion of a suit, it should remand only that portion.") (citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018); *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("If some portions of a single suit are within federal jurisdiction, while others are not, the federal court must resolve the elements within federal jurisdiction and remand the rest.")); *King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 U.S. Dist. LEXIS 207694, at *12 (N.D. Ill. Oct. 28, 2021) ("Plaintiff's motion to remand, [18], is granted. King's claims under BIPA § 15(a) and (c) are severed and remanded.").

**WHEREFORE**, Plaintiff respectfully request an Order severing and remanding Count I of her First Amended Complaint.

## CERTIFCATE OF CONFERRAL

The undersigned conferred telephonically with Defendant's counsel regarding the instant motion and subsequently via e-mail and has been advised that Defendant opposes the instant motion.

DATED: February 14, 2023

                                        Respectfully submitted,

                                        **HIRALDO P.A.**

                                        */s/ Manuel S. Hiraldo*
                                        Manuel S. Hiraldo, Esq.
                                        Florida Bar No. 030380
                                        401 E. Las Olas Boulevard
                                        Suite 1400
                                        Ft. Lauderdale, Florida 33301
                                        Email: mhiraldo@hiraldolaw.com
                                        Telephone: 954.400.4713